1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  Los Angeles, CA 90071
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone:  (213) 430-3400
12 Facsimile:  (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                  UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                  SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX              )   MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND         )
20 PRODUCTS LIABILITY LITIGATION          )   CASE NO. 3:07-cv-5915-CRB
                                          )
21 *This document relates to*             )
                                          )   **PFIZER INC., PHARMACIA**
22 LYLE MCNEAL and ROBEN TRUDO,           )   **CORPORATION, AND G.D.**
                                          )   **SEARLE LLC'S ANSWER TO**
                     Plaintiffs,          )   **COMPLAINT**
23                                        )
                                          )   **JURY DEMAND ENDORSED**
24          vs.                           )   **HEREIN**
                                          )
25 PFIZER, INC., PHARMACIA CORPORATION,   )
   G.D. SEARLE LLC, (FKA G.D. SEARLE & CO.), )
26 and MONSANTO COMPANY,                  )
                                          )
27              Defendants.               )
                                          )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3  ("Pharmacia"), and G.D. Searle LLC ("Searle"), (collectively "Defendants") and file their

4  Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5  follows:

6                                         **I.**

7                            **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9  Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

10  generally.    Defendants may seek leave to amend this Answer when discovery reveals the

11  specific time periods in which Plaintiffs were prescribed and used Celebrex®.

12                                        **II.**

13                                     **ANSWER**

14                    **Response to Allegations Regarding Parties**

15  1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16  deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Celebrex® were manufactured and packaged for Searle, which developed, tested,

21  marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by

22  healthcare providers who are by law authorized to prescribe drugs in accordance with their

23  approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

24

25  [1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity
known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31,
2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company,

26  Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag
Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the

27  agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed
Celebrex®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing

28  Celebrex®, *see* PLAINTIFFS' COMPLAINT at ¶ 6, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As
a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  in accordance with its FDA-approved prescribing information. Defendants state that the

2  potential effects of Celebrex® were and are adequately described in its FDA-approved

3  prescribing information, which was at all times adequate and comported with applicable

4  standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused

5  Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the

6  Complaint.

7  2.      Defendants are without knowledge or information sufficient to form a belief as to the

8  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

9  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

10  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

11  damages, and deny the remaining allegations in this paragraph of the Complaint.

12  3.      Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

14  medical condition, and whether Plaintiff used Celebrex®, and, therefore, deny the same.

15  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

16  damages, and deny the remaining allegations in this paragraph of the Complaint.

17  4.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

18  business in New York. Defendants admit that, as the result of a merger in April 2003,

19  Pharmacia became a subsidiary of Pfizer. Defendants state that the allegations in this paragraph

20  of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants

21  are without knowledge or information sufficient to form a belief as to the truth of such

22  allegations, and, therefore, deny the same. Defendants admit that, during certain periods of

23  time, Pfizer marketed and co-promoted Celebrex® in the United States, including California, to

24  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

25  accordance with their approval by the FDA. Defendants deny the remaining allegations in this

26  paragraph of the Complaint.

27  5.      Defendants admit that Searle is a Delaware limited liability company with its principal

28  place of business in Illinois. Defendants admit that Pharmacia acquired Searle in 2000 and that,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

2   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

3   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

4   Celebrex® in the United States to be prescribed by healthcare providers who are by law

5   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

6   the remaining allegations in this paragraph of the Complaint.

7   6.       Defendants admit that in 1933 an entity known as Monsanto Company ("1933

8   Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

9   1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

10  to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

11  was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

12  changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

13  in the agricultural business and does not and has not ever manufactured, marketed, sold, or

14  distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either

15  Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed,

16  sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a

17  proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the

18  Complaint.  Defendants state that the response to this paragraph of the Complaint regarding

19  Monsanto is incorporated by reference into Defendants' responses to each and every paragraph

20  of the Complaint referring to Monsanto and/or Defendants.

21  7.       Defendants admit that Pharmacia is a Delaware corporation with its principal place of

22  business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

23  the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

24  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

25  Celebrex® in the United States, including California, to be prescribed by healthcare providers

26  who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

27  Defendants deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

<u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

2   8.      Defendants are without knowledge or information to form a belief as to the truth of the

3   allegations in this paragraph of the Complaint regarding the amount in controversy, and,

4   therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount

5   in controversy exceeds $75,000, exclusive of interests and costs.

6   9.      Defendants are without knowledge or information to form a belief as to the truth of the

7   allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

8   in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

9   that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

10  interests and costs.

11  10.     Defendants are without knowledge or information to form a belief as to the allegations

12  in this paragraph of the Complaint regarding the judicial district in which the asserted claims

13  allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe

14  and effective when used in accordance with its FDA-approved prescribing information.

15  Defendants deny committing a tort in the States of California, Missouri, and Montana, and deny

16  the remaining allegations in this paragraph of the Complaint.

17  11.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18  and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

19  are by law authorized to prescribe drugs in accordance with their approval by the FDA.

20  Defendants admit that, during certain periods of time, Celebrex® was manufactured and

21  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

22  Celebrex® in the United States to be prescribed by healthcare providers who are by law

23  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

24  that Pfizer, Pharmacia, and Searle are registered to and do business in the State of and

25  California.  Defendants state that the allegations in this paragraph of the Complaint regarding

26  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

28  the same.  Defendants deny committing a tort in the States of California, Missouri, and

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1   Montana, and deny the remaining allegations in this paragraph of the Complaint.

2                  **Response to Allegations Regarding Interdistrict Assignment**

3   12.    Defendants state that this paragraph of the Complaint contains legal contentions to

4   which no response is required.  To the extent that a response is deemed required, Defendants

5   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

6   and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

7   Panel on Multidistrict Litigation on September 6, 2005.

8                              **Response to Factual Allegations**

9   13.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12  effective when used in accordance with its FDA-approved prescribing information.  Defendants

13  state that the potential effects of Celebrex® were and are adequately described in its FDA-

14  approved prescribing information, which was at all times adequate and comported with

15  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

16  Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this

17  paragraph of the Complaint.

18  14.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20  Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case,

21  Celebrex® was expected to reach users and consumers without substantial change from the

22  time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  15.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

25  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

26  effective when used in accordance with its FDA-approved prescribing information.  Defendants

27  state that the potential effects of Celebrex® were and are adequately described in its FDA-

28  approved prescribing information, which was at all times adequate and comported with

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3    16.    Defendants state that the allegations in this paragraph of the Complaint regarding

4    aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no

5    response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times,

6    referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the

7    remaining allegations in this paragraph of the Complaint.

8    17.    Defendants state that the allegations in this paragraph of the Complaint are not directed

9    towards Defendants and, therefore, no response is required.  To the extent that a response is

10   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

11   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

12   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

13   18.    Defendants state that the allegations in this paragraph of the Complaint are not directed

14   towards Defendants and, therefore, no response is required.  To the extent that a response is

15   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

16   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

17   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

18   19.    Defendants state that the allegations in this paragraph of the Complaint are not directed

19   towards Defendants and, therefore, no response is required.  To the extent that a response is

20   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

21   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

22   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23   20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

24   towards Defendants and, therefore, no response is required.  To the extent that a response is

25   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

26   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

27   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

28   21.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

2    required. To the extent a response is deemed required, Defendants state that, as stated in the

3    FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

4    be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

5    (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

6    cyclooxygenase-1 (COX-1) isoenzyme." Plaintiffs fail to provide the proper context for the

7    remaining allegations in this paragraph and Defendants therefore lack sufficient information or

8    knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

9    allegations in this paragraph of the Complaint.

10   22.    Defendants state that the allegations in this paragraph of the Complaint regarding

11   "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or

12   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

13   the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

14   mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

15   primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

16   humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants

17   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

18   approved prescribing information. Defendants state that the potential effects of Celebrex®

19   were and are adequately described in its FDA-approved prescribing information, which was at

20   all times adequate and comported with applicable standards of care and law. Defendants deny

21   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

22   23.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

23   Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted

24   approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

25   osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

26   Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

27   reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

28   ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   the remaining allegations in this paragraph of the Complaint.

2   24.     Defendants admit that Celebrex® was launched in February 1999.  Defendants admit

3   that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

4   Celebrex® in the United States to be prescribed by healthcare providers who are by law

5   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

6   that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

7   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

8   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

9   accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

10  and effective when used in accordance with its FDA-approved prescribing information.

11  Defendants state that the potential effects of Celebrex® were and are adequately described in its

12  FDA-approved prescribing information, which was at all times adequate and comported with

13  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14  remaining allegations in this paragraph of the Complaint.

15  25.     Defendants state that the referenced article speaks for itself and respectfully refer the

16  Court to the article for its actual language and text.  Any attempt to characterize the article is

17  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

19  this paragraph of the Complaint.

20  26.     Defendants state that the referenced article speaks for itself and respectfully refer the

21  Court to the article for its actual language and text.  Any attempt to characterize the article is

22  denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

24  this paragraph of the Complaint.

25  27.     Defendants state that Celebrex® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants state that the potential effects of

27  Celebrex® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny the allegations in this paragraph of the Complaint.

2    28.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    29.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

9    on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

10   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

11   2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

12   and respectfully refer the Court to the study for its actual language and text.  Any attempt to

13   characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

14   the Complaint.

15   30.    Defendants state that the referenced Medical Officer Review speaks for itself and

16   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

17   attempt to characterize the Medical Officer Review is denied.  Defendants state that the

18   referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court

19   to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to

20   characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining

21   allegations in this paragraph of the Complaint.

22   31.    Defendants state that the referenced study speaks for itself and respectfully refer the

23   Court to the study for its actual language and text.  Any attempt to characterize the study is

24   denied.  Defendants state that the referenced article speaks for itself and respectfully refer the

25   Court to the article for its actual language and text.  Any attempt to characterize the article is

26   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

27   paragraph of the Complaint.

28   32.    Defendants state that the referenced Medical Officer Review speaks for itself and

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-10-
ANSWER TO COMPLAINT – 3:07-cv-5915-CRB

1  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

2  attempt to characterize the Medical Officer Review is denied.  Defendants state that the

3  referenced article speaks for itself and respectfully refer the Court to the article for its actual

4  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

5  remaining allegations in this paragraph of the Complaint.

6  33.    Defendants state that the referenced article speaks for itself and respectfully refer the

7  Court to the article for its actual language and text.  Any attempt to characterize the article is

8  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

9  paragraph of the Complaint.

10  34.    Defendants state that the referenced articles speak for themselves and respectfully refer

11  the Court to the articles for their actual language and text.  Any attempt to characterize the

12  articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

13  refer the Court to the study for its actual language and text.  Any attempt to characterize the

14  study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

15  35.    Defendants state that the referenced Medical Officer Review speaks for itself and

16  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

17  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

18  allegations in this paragraph of the Complaint.

19  36.    Plaintiffs fail to provide the proper context for the allegations concerning "Public

20  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

21  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  37.    Defendants state that the referenced study speaks for itself and respectfully refer the

24  Court to the study for its actual language and text.  Any attempt to characterize the study is

25  denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public

26  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

27  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

28  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   38.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

2   referenced article speaks for itself and respectfully refer the Court to the article for its actual

3   language and text.  Any attempt to characterize the article is denied.  Defendants deny the

4   remaining allegations in this paragraph of the Complaint.

5   39.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

6   referenced article speaks for itself and respectfully refer the Court to the article for its actual

7   language and text.  Any attempt to characterize the article is denied.  Defendants deny the

8   remaining allegations in this paragraph of the Complaint.

9   40.    Defendants state that the referenced Medical Officer Review speaks for itself and

10  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

11  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

12  allegations in this paragraph of the Complaint.

13  41.    Defendants state that the referenced FDA Class Review speaks for itself and

14  respectfully refer the Court to the CLASS Review for its actual language and text.  Any attempt

15  to characterize the CLASS Review is denied.  Defendants deny the remaining allegations in this

16  paragraph of the Complaint.

17  42.    Defendants admit that there was a clinical trial called PreSAP.  Plaintiffs fail to provide

18  the proper context for the allegations concerning "other Celebrex trials" contained in this

19  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

20  form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

21  allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state

22  that the referenced study speaks for itself and respectfully refer the Court to the study for its

23  actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the

24  remaining allegations in this paragraph of the Complaint.

25  43.    Defendants state that the referenced article speaks for itself and respectfully refer the

26  Court to the article for its actual language and text.  Any attempt to characterize the article is

27  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28  44.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text. Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   the Complaint.

2   48.    Defendants state that allegations in this paragraph of the Complaint regarding Merck

3   and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and

4   therefore no response is required.  To the extent that a response is deemed required, Plaintiffs

5   fail to provide the proper context for the allegations in this paragraph of the Complaint

6   regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack

7   sufficient information or knowledge to form a belief as to the truth of such allegations and,

8   therefore, deny the same.  Defendants state that the referenced study speaks for itself and

9   respectfully refer the Court to the study for its actual language and text.  Any attempt to

10  characterize the study is denied.  Defendants state that the referenced article speaks for itself

11  and respectfully refer the Court to the article for its actual language and text.  Any attempt to

12  characterize the article is denied.  Defendants deny the remaining allegations in this paragraph

13  of the Complaint.

14  49.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.    Defendants deny the allegations in this

16  paragraph of the Complaint.

17  50.    Defendants state that the referenced article speaks for itself and respectfully refer the

18  Court to the article for its actual language and text.  Any attempt to characterize the article is

19  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20  51.    Defendants state that allegations in this paragraph of the Complaint are not directed

21  toward Defendants, and therefore no response is required.  To the extent that a response is

22  deemed required, Defendants state that the referenced article speaks for itself and respectfully

23  refer the Court to the article for its actual language and text.  Any attempt to characterize the

24  article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  52.    Defendants deny the allegations in this paragraph of the Complaint.

26  53.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

3  remaining allegations contained in this paragraph of the Complaint.

4  54.    Defendants deny any wrongful conduct and deny the allegations contained in this

5  paragraph of the Complaint.

6  55.    Defendants deny any wrongful conduct and deny the allegations contained in this

7  paragraph of the Complaint.

8  56.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

13  paragraph of the Complaint.

14  57.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

16  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information.  Defendants

18  state that the potential effects of Celebrex® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

21  Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

22  the Complaint.

23  58.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

24  Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state

25  that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

26  actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit

27  that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the

28  referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   language and text.  Any attempt to characterize the letter is denied.  Defendants state that the

2   transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

3   respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

4   characterize the transcripts is denied.  Defendants state that the referenced study speaks for

5   itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

6   to characterize the article is denied.  Defendants deny the remaining allegations in this

7   paragraph of the Complaint.

8   59.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

13  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

14  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

15  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

16  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

17  United States to be prescribed by healthcare providers who are by law authorized to prescribe

18  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

19  allegations in this paragraph of the Complaint.

20  60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

25  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

26  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

28  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-16-

United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

62.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-17-
ANSWER TO COMPLAINT – 3:07-cv-5915-CRB

1    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

2    United States to be prescribed by healthcare providers who are by law authorized to prescribe

3    drugs in accordance with their approval by the FDA.    Defendants deny the remaining

4    allegations in this paragraph of the Complaint.

5    63.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.    Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which at all times was adequate and comported with applicable standards of care and law.

9    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

10   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

11   law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants

12   admit that, during certain periods of time, Celebrex® was manufactured and packaged for

13   Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

14   United States to be prescribed by healthcare providers who are by law authorized to prescribe

15   drugs in accordance with their approval by the FDA.    Defendants deny the remaining

16   allegations in this paragraph of the Complaint.

17   64.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.    Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23   65.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.    Defendants state that the potential effects of

25   Celebrex® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28   the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    66.    Defendants deny the allegations in this paragraph of the Complaint.

2    67.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint.

8    68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Celebrex® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13   the Complaint.

14   69.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

16   Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

17   Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this

18   paragraph of the Complaint.

19   70.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Celebrex® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

24   remaining allegations in this paragraph of the Complaint.

25   71.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Celebrex® are and were adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    72.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Celebrex® are and were adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

8    the study for its actual language and text.  Any attempt to characterize the study is denied.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   73.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

13   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Celebrex® are and were adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18   remaining allegations in this paragraph of the Complaint.

19                   **Response to First Cause of Action: Negligence**

20   74.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

21   Complaint as if fully set forth herein.

22   75.    Defendants state that this paragraph of the Complaint contains legal contentions to

23   which no response is required.  To the extent that a response is deemed required, Defendants

24   admit that they had duties as are imposed by law but deny having breached such duties.

25   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

26   FDA-approved prescribing information.  Defendants state that the potential effects of

27   Celebrex® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    76.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is required.  To the extent that a response is deemed required, Defendants

5    admit that they had duties as are imposed by law but deny having breached such duties.

6    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

7    FDA-approved prescribing information.    Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11   the Complaint.

12   77.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

14   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15   effective when used in accordance with its FDA-approved prescribing information.  Defendants

16   state that the potential effects of Celebrex® were and are adequately described in its FDA-

17   approved prescribing information, which was at all times adequate and comported with

18   applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

19   remaining allegations in this paragraph of the Complaint, including all subparts.

20   78.    Plaintiffs' Complaint omits Paragraph 78.

21   79.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

23   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information.  Defendants

25   state that the potential effects of Celebrex® were and are adequately described in its FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

28   remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-21-

ANSWER TO COMPLAINT – 3:07-cv-5915-CRB

80.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

85.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

86.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

2  Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

3  time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

4  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

5  with their approval by the FDA.  Defendants admit that, during certain periods of time,

6  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

7  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

8  providers who are by law authorized to prescribe drugs in accordance with their approval by the

9  FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

10  consumers without substantial change from the time of sale.  Defendants deny the remaining

11  allegations in this paragraph of the Complaint.

12  87.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  88.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

22  remaining allegations in this paragraph of the Complaint.

23  89.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

28  remaining allegations in this paragraph of the Complaint, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

90.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

1   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damages, and deny the

2   remaining allegations in this paragraph of the Complaint.

3   94.     Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8   the Complaint.

9   95.     Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

11  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

12  effective when used in accordance with its FDA-approved prescribing information.  Defendants

13  state that the potential effects of Celebrex® were and are adequately described in its FDA-

14  approved prescribing information, which was at all times adequate and comported with

15  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

16  Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this

17  paragraph of the Complaint.

18  96.     Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  97.     Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

26  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27  effective when used in accordance with its FDA-approved prescribing information.  Defendants

28  state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

98.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

99.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

100.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

101.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

102.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

103.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

104.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

111.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

112.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

115.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  state that the potential effects of Celebrex® were and are adequately described in its FDA-

2  approved prescribing information, which was at all times adequate and comported with

3  applicable standards of care and law.  Defendants admit that they provided FDA-approved

4  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

5  this paragraph of the Complaint.

6  116.    Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

8  Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case,

9  Celebrex® was expected to reach users and consumers without substantial change from the

10 time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11 117.    Defendants are without knowledge or information sufficient to form a belief as to the

12 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

13 Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14 effective when used in accordance with its FDA-approved prescribing information.  Defendants

15 state that the potential effects of Celebrex® were and are adequately described in its FDA-

16 approved prescribing information, which was at all times adequate and comported with

17 applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they

18 breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

19 118.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

20 damages, and deny the remaining allegations in this paragraph of the Complaint.

21 119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

22 damages, and deny the remaining allegations in this paragraph of the Complaint.

23 120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

24 damages, and deny the remaining allegations in this paragraph of the Complaint.

25 **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

26 121.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

27 Complaint as if fully set forth herein.

28 122.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

124.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  paragraph of the Complaint.

2  126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendants state that the potential effects of

4  Celebrex® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7  the Complaint.

8  127.    Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

10  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11  effective when used in accordance with its FDA-approved prescribing information.  Defendants

12  state that the potential effects of Celebrex® were and are adequately described in its FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

15  remaining allegations in this paragraph of the Complaint.

16  128.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

18  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information.  Defendants

20  state that the potential effects of Celebrex® were and are adequately described in its FDA-

21  approved prescribing information, which was at all times adequate and comported with

22  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23  remaining allegations in this paragraph of the Complaint.

24  129.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

26  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27  effective when used in accordance with its FDA-approved prescribing information.  Defendants

28  state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   approved prescribing information, which was at all times adequate and comported with

2   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

3   remaining allegations in this paragraph of the Complaint.

4   130.    Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

6   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7   effective when used in accordance with its FDA-approved prescribing information.  Defendants

8   state that the potential effects of Celebrex® were and are adequately described in its FDA-

9   approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

11  remaining allegations in this paragraph of the Complaint.

12  131.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

14  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19  remaining allegations in this paragraph of the Complaint.

20  132.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27  remaining allegations in this paragraph of the Complaint.

28  133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

1    damages, and deny the remaining allegations in this paragraph of the Complaint.

2    134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damages, and deny the remaining allegations in this paragraph of the Complaint.

4    135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damages, and deny the remaining allegations in this paragraph of the Complaint.

6    **Response to Sixth Cause of Action: Unjust Enrichment**

7    136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8    Complaint as if fully set forth herein.

9    137.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

11   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

12   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

13   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

14   Celebrex® in the United States to be prescribed by healthcare providers who are by law

15   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

16   the remaining allegations in this paragraph of the Complaint.

17   138.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

19   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

20   paragraph of the Complaint.

21   139.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

23   Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this

24   paragraph of the Complaint.

25   140.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

27   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

28   effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

141.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Prayer for Relief**

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damages, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

**IV.**

**AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Celebrex® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information, and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed, and distributed.

**Fifth Defense**

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs .

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of

-36-

1  the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved

2  usages.

3  **Fifteenth Defense**

4  15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

5  Celebrex® allegedly ingested by Plaintiffs was prepared in accordance with the applicable

6  standard of care.

7  **Sixteenth Defense**

8  16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of

9  the product Celebrex® after the product left the control of Defendants and any liability of

10  Defendants is therefore barred.

11  **Seventeenth Defense**

12  17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

13  Defendants.

14  **Eighteenth Defense**

15  18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

16  conditions unrelated to Celebrex®.

17  **Nineteenth Defense**

18  19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore,

19  the doctrine of assumption of the risk bars or diminishes any recovery.

20  **Twentieth Defense**

21  20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

22  preempted in accordance with the Supremacy Clause of the United States Constitution and by

23  the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

24  **Twenty-first Defense**

25  21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

26  the subject pharmaceutical product at issue was subject to and received pre-market approval by

27  the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Twenty-second Defense

2     22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in

3     Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

4     and Plaintiffs' causes of action are preempted.

5     ### Twenty-third Defense

6     23.     Plaintiffs' claims are barred in whole or in part by the deference given to the primary

7     jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

8     issue under applicable federal laws, regulations, and rules.

9     ### Twenty-fourth Defense

10     24.     Plaintiffs' claims are barred in whole or in part because there is no private right of

11     action concerning matters regulated by the Food and Drug Administration under applicable

12     federal laws, regulations, and rules.

13     ### Twenty-fifth Defense

14     25.     Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

15     "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

16     of Comment j to Section 402A of the Restatement (Second) of Torts.

17     ### Twenty-sixth Defense

18     26.     Plaintiffs' claims are barred or limited to a product liability failure to warn claim

19     because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

20     Restatement (Second) of Torts § 402A, Comment k.

21     ### Twenty-seventh Defense

22     27.     Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

23     product at issue "provides net benefits for a class of patients" within the meaning of Comment f

24     to § 6 of the Restatement (Third) of Torts: Products Liability.

25     ### Twenty-eighth Defense

26     28.     Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

27     Products Liability.

28

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Twenty-ninth Defense**

29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of California, Missouri, and Montana, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

1

**Thirty-seventh Defense**

2    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

3    labeling with respect to the subject pharmaceutical products were not false or misleading and,

4    therefore, constitute protected commercial speech under the applicable provisions of the United

5    States Constitution.

6

**Thirty-eighth Defense**

7    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

8    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

9    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

10    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

11    Amendment of the United States Constitution, the Commerce Clause of the United States

12    Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

13    applicable provisions of the Constitutions of the States of Missouri, Montana, and California.

14    Any law, statute, or other authority purporting to permit the recovery of punitive damages in

15    this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1)

16    lacks constitutionally sufficient standards to guide and restrain the jury's discretion in

17    determining whether to award punitive damages and/or the amount, if any; (2) is void for

18    vagueness in that it failed to provide adequate advance notice as to what conduct will result in

19    punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct,

20    conduct that complied with applicable law, or conduct that was not directed, or did not

21    proximately cause harm, to Plaintiffs ; (4) permits recovery of punitive damages in an amount

22    that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to

23    the amount of compensatory damages, if any; (5) permits jury consideration of net worth or

24    other financial information relating to Defendants; (6) lacks constitutionally sufficient standards

25    to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks

26    constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

27    otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

28    *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources,*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-40-

1  *Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State*

2  *Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

3  **Thirty-ninth Defense**

4  39.     The methods, standards, and techniques utilized with respect to the manufacture, design,

5  and marketing of Celebrex®, if any, used in this case, included adequate warnings and

6  instructions with respect to the product's use in the package insert and other literature, and

7  conformed to the generally recognized, reasonably available, and reliable state of the

8  knowledge at the time the product was marketed.

9  **Fortieth Defense**

10  40.     The claims asserted in the Complaint are barred because Celebrex® was designed,

11  tested, manufactured, and labeled in accordance with the state-of-the-art industry standards

12  existing at the time of the sale.

13  **Forty-first Defense**

14  41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

15  information and belief, such injuries and losses were caused by the actions of persons not

16  having real or apparent authority to take said actions on behalf of Defendants and over whom

17  Defendants had no control and for whom Defendants may not be held accountable.

18  **Forty-second Defense**

19  42.     The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

20  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21  intended, and was distributed with adequate and sufficient warnings.

22  **Forty-third Defense**

23  43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

24  waiver, and/or estoppel.

25  **Forty-fourth Defense**

26  44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

27  pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or

28  illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    independent of or far removed from Defendants' conduct.

2    **Forty-fifth Defense**

3    45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

4    did not proximately cause injuries or damages to Plaintiffs.

5    **Forty-sixth Defense**

6    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

7    did not incur any ascertainable loss as a result of Defendants' conduct.

8    **Forty-seventh Defense**

9    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

10   manufacturing, labeling, packaging, and any advertising of the product complied with the

11   applicable codes, standards and regulations established, adopted, promulgated or approved by

12   any applicable regulatory body, including but not limited to the United States, any state, and

13   any agency thereof.

14   **Forty-eighth Defense**

15   48.    The claims must be dismissed because Plaintiffs would have taken Celebrex® even if

16   the product labeling contained the information that Plaintiffs contend should have been

17   provided.

18   **Forty-ninth Defense**

19   49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

20   outweighed its risks.

21   **Fiftieth Defense**

22   50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

23   collateral sources.

24   **Fifty-first Defense**

25   51.    Defendants' liability, if any, can only be determined after the percentages of

26   responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

27   any, are determined.   Defendants seek an adjudication of the percentage of fault of the

28   claimants and each and every other person whose fault could have contributed to the alleged

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    injuries and damages, if any, of Plaintiffs .

2                              **Fifty-second Defense**

3    52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

4    common law gives deference to discretionary actions by the United States Food and Drug

5    Administration under the Federal Food, Drug, and Cosmetic Act.

6                              **Fifty-third Defense**

7    53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

8    is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

9    ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

10   claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

11   FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

12   and with the specific determinations by FDA specifying the language that should be used in the

13   labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the

14   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

15   United States.

16                             **Fifty-fourth Defense**

17   54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

18   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

19                             **Fifty-fifth Defense**

20   55.    Defendants state on information and belief that the Complaint and each purported cause

21   of action contained therein is barred by the statutes of limitations contained in California Code

22   of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

23   as may apply.

24                             **Fifty-sixth Defense**

25   56.    Defendants state on information and belief that any injuries, losses, or damages suffered

26   by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

27   conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against

28   Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifty-seventh Defense**

57.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

**Fifty-eighth Defense**

58.     Plaintiffs' claims are barred by the limitations and defenses set out in the Missouri Product Liability Act, Mo. Rev. Stat. § 537. 760 *et seq.*, including but not limited to, the "state of the art" defenses as defined in Mo. Rev. Stat. § 537.764.   Defendants incorporate by reference all defenses and/or limitations set forth or referenced in the Missouri Product Liability Act.

**Fifty-ninth Defense**

59.     The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants is not liable in any way.  Mo. Rev. Stat. § 537.765.

**Sixtieth Defense**

60.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Missouri, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Sixty-first Defense**

61.     Plaintiffs' claims for punitive damages are subject to all provisions of Missouri law.

**Sixty-second Defense**

62.     Defendants deny that they are liable for any damages in this case.  Defendants contend, however, that any damage award to Plaintiffs that utilizes the Missouri joint and several liability scheme would be unconstitutional, as this scheme is violative of Defendants' due

-44-

process and equal protection guarantees under the United States and Missouri Constitutions. The Missouri joint and several liability scheme, under Mo. Rev. Stat. § 537.067, violates Defendants' due process guarantees because no legitimate state interest supports § 537.067, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Missouri joint and several liability scheme. Additionally, the Missouri system of assessing joint and several liability violates Defendants' equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Missouri Constitutions. Thus, the scheme is unconstitutional and should not be applied in this action.

### Sixty-third Defense

63.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses, or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1     June 13, 2008                         GORDON & REES LLP

2

3                                By: _____/s/_____

4                                   Stuart M. Gordon
                                   sgordon@gordonrees.com
5                                   Embarcadero Center West
                                  275 Battery Street, 20th Floor
6                                   San Francisco, CA 94111
                                  Telephone:  (415) 986-5900
7                                   Fax:  (415) 986-8054

8     June 13, 2008                         TUCKER ELLIS & WEST LLP
9

10                                  By: _____/s/_____

11

12                                   Michael C. Zellers
                                  michael.zellers@tuckerellis.com
13                                   515 South Flower Street, Suite 4200
                                  Los Angeles, CA 90071
14                                   Telephone:  (213) 430-3400
                                  Fax:  (213) 430-3409
15

16                                   Attorneys for Defendants
                                  PFIZER INC., PHARMACIA
17                                   CORPORATION, and G.D. SEARLE
                                  LLC

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

ANSWER TO COMPLAINT – 3:07-cv-5915-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

June 13, 2008                                    GORDON & REES LLP


By: _____/s/_____

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA 94111
Telephone: (415) 986-5900
Fax: (415) 986-8054

June 13, 2008                                    TUCKER ELLIS & WEST LLP


By: _____/s/_____
Michael C. Zellers
michael.zellers@tuckerellis.com
515 South Flower Street, Suite 4200
Los Angeles, CA 90071
Telephone: (213) 430-3400
Fax: (213) 430-3409

Attorneys for Defendants
PFIZER INC., PHARMACIA
CORPORATION, and G.D. SEARLE
LLC